UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD STEWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 1170 CDP |
| | ) | |
| BILL STANGE, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Donald Steward's petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, I will deny the petition.

## Procedural History

In May 1988, Steward was sentenced in the Circuit Court of St. Louis City, Missouri, to two consecutive mandatory terms of life imprisonment without eligibility for parole on two counts of murder first degree, and to a consecutive term of fifteen years' imprisonment on one count of burglary first degree. Steward was a juvenile at the time he committed the offenses. His conviction and sentence

---

[1] Petitioner Steward is incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Because Bill Stange is warden at SECC, he is substituted for Jason Lewis as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Missouri Attorney General Eric Schmitt is added as a proper party respondent because this habeas action challenges a sentence to be served in the future. *Id.*, Rule 2(b).

were affirmed on direct appeal, *State v. Steward*, 776 S.W.2d 854 (Mo. Ct. App. 1989); and he was unsuccessful in his bid for post-conviction relief under Missouri Supreme Court Rule 29.15.  *Steward v. State*, 784 S.W.2d 853 (Mo. Ct. App. 1990).

In June 2012, the United States Supreme Court held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders.  *Miller v. Alabama*, 567 U.S. 460 (2012).  The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation[.]"  *Id.* at 477-78.

Based on *Miller*, Steward filed a petition for writ of habeas corpus in the Missouri Supreme Court in June 2013, arguing that he was entitled to be resentenced given the unconstitutionality of his original sentence.

Steward's State habeas petition remained pending in January 2016 when the United States Supreme Court decided in *Montgomery v. Louisiana* that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review.  577 U.S. 190 (2016).  The Court clarified, however, that this

retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole.  A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id*. at 212 (citing Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offender eligible for parole after 25 years)).  The Court specifically held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment."  *Id.*

On March 15, 2016, the Missouri Supreme Court granted Steward's habeas petition, in part, in order to comply with the requirements of *Miller* and *Montgomery*.  The court ordered that Steward (and other similarly situated petitioners) would be eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of necessary legislation.  Within ten days of this order, Steward, through retained counsel, filed a § 2254 habeas petition in this Court, arguing that the order violated his constitutional rights, including his Eighth Amendment right to be free from cruel and unusual punishment in the event he was required to serve his

consecutive sentences before being considered for parole.  *See Steward v. Lewis*,

Case No. 4:16CV407 CDP (E.D. Mo.).  On March 30, 2016, Steward filed an

amended § 2254 petition, raising additional claims.[2]

On July 13, 2016, the governor signed into law Missouri Senate Bill No. 590

(SB 590), 98th General Assembly, which stated, in relevant part:

> 1.  Any person sentenced to a term of imprisonment for life without
> eligibility for parole before August 28, 2016, who was under eighteen
> years of age at the time of the commission of the offense or offenses,
> may submit to the parole board a petition for a review of his or her
> sentence regardless of whether the case is final for purposes of appeal,
> after serving twenty-five years of incarceration on the sentence of life
> without parole.
>
> . . . .
>
> 4.  The parole board shall hold a hearing and determine if the
> defendant shall be granted parole.

*Codified at* Mo. Rev. Stat. § 558.047.  Because of an emergency clause in the bill,

§ 558.047 went into effect on July 13 upon the governor's signature.  On July 19,

in light of the new statute, the Missouri Supreme Court vacated its March 15 order,

overruled as moot the motions for rehearing or resentencing filed by Steward and

others, and denied Steward's and others' State habeas petitions.

On August 24, 2016, the parole board informed Steward that he was

scheduled for a § 558.047 parole hearing in December 2016 on his "sequence 4"

---

[2] Also on March 30, Steward filed in the Missouri Supreme Court a motion for rehearing or for more definite order permitting prompt release.

sentence and, further, that § 558.047 required him to serve an additional 25 years
before being considered for parole on his consecutive "sequence 5" sentence.
(ECF 1-8.)  Given this requirement, at the hearing on December 20, 2016, the
parole board scheduled a reconsideration hearing for November 2032.  (*See* ECF 1-
10.)

      In the meanwhile, on September 9, 2016, Steward filed a second amended
petition in his § 2254 habeas case challenging the constitutionality of § 558.047
and the Missouri Supreme Court's July 19 order applying the statute to his
circumstances.  In their response filed November 22, 2016, respondents argued
*inter alia* that Steward's claims were unexhausted because he had an available
remedy in State court by which to raise his challenges to the new statute.  Steward
did not respond to respondents' assertions or file a reply in support of his claims.

      On July 18, 2017, Steward filed a petition for writ of habeas corpus under
Missouri Supreme Court Rule 91 in the Circuit Court of Mississippi County,
Missouri, raising his unexhausted claims.  That petition was denied on January 22,
2019.  (ECF 1-5, 7-4.)  Because Steward continued to have an available State
remedy by which he could raise all of his claims, namely another Rule 91 State
habeas petition in either the Missouri Court of Appeals or the Missouri Supreme
Court, I dismissed Steward's unexhausted § 2254 petition without prejudice on
February 13, 2019.  (Case No. 4:16CV407, ECF 22.)  Thereafter, on February 21,

2019, Steward filed a Rule 91 petition in the Missouri Court of Appeals.  That

petition was denied on February 25, 2019.  (ECF 1-4.)  That same date, February

25, Steward filed a Rule 91 petition in the Missouri Supreme Court.  That petition

was denied on April 30, 2019.  (ECF 1-3.)

Two days later, on May 2, 2019, Steward, through retained counsel, filed the

instant § 2254 petition for writ of habeas corpus in this Court, challenging the

constitutionality of § 558.047 and the parole board's interpretation of the statute.[3]

Steward raises the following claims for relief:

1)    That his continued incarceration without an individualized
resentencing hearing violates *Miller* and *Montgomery*;

2)    That *Miller* and *Montgomery* require resentencing by a jury because:
(I)    under the Missouri Constitution, a legislative enactment cannot
amend a prior sentence;
(II)    § 558.047 is a bill of attainder in violation of the United States
Constitution;
(III)    § 558.047 is inconsistent with prior Missouri law;
(IV)    § 558.047 violates the Fourteenth Amendment's Equal
Protection Clause because juveniles convicted of first degree murder
after § 558.047's enactment are eligible for lesser terms of
imprisonment and parole hearings after 15 years; and
(V)    the parole board's interpretation that § 558.047 requires
stacking 25-year wait periods for consecutive sentences violates (i)
his Eighth and Fourteenth Amendment rights, and (ii) the Missouri
Constitution's Separation of Powers Clause; and

3)    That the parole system created under § 558.047 is unconstitutional
because it does not require the parole board to consider factors under
*Miller* and *Montgomery* and therefore does not provide a meaningful

---

[3] The same attorney who represented him in Case No. 4:16CV407 and on his State habeas
petitions represents him in this action.

opportunity for release.

In response, respondents argue that only Ground 2(V) is timely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), and the remaining grounds must therefore be dismissed as untimely.  Alternatively, respondents contend that all claims in the petition are without merit or not cognizable in this Federal habeas proceeding.

## Legal Standard

Under the AEDPA, Federal habeas relief is available to a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

A one-year period of limitation applies to the filing of § 2254 petitions.  28 U.S.C. § 2244(d)(1).  As is relevant to this proceeding, the one-year period runs from the latest of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(C), (D).  The one-year limitation period is tolled during the time "a properly filed application for State post-conviction or other collateral review with

respect to the pertinent . . . claim is pending[.]"  28 U.S.C. § 2244(d)(2).  The one-year period may also be extended under the doctrine of equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Where the State court adjudicated a claim on the merits, Federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).  *See Williams v. Taylor*, 529 U.S. 362, 379 (2000).  The source of doctrine for such clearly established Federal law is limited to the United States Supreme Court.  *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts.  *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001).  A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the

facts of the prisoner's case." *Williams*, 529 U.S. at 413.  Merely erroneous or incorrect application of clearly established Federal law does not suffice to support a grant of habeas relief.  Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).  Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, a Federal court must presume that State court findings of basic, primary, or historical facts are correct unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007).  Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief.  Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The Federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  To obtain habeas relief from a Federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013)

(quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).  This standard is difficult to meet.  *Id.*

## Timeliness

Respondents argue that the factual and legal bases of Steward's facial challenges to § 558.047 as raised in Grounds 1, 2(I)-(IV), and 3 existed when § 558.047 was signed into law and went into effect on July 13, 2016; and no later than July 19, 2016, when the Missouri Supreme Court vacated its earlier order and denied Steward's then-pending State habeas petition.  Steward disagrees, contending that because the Missouri Constitution provides that laws take effect 90 days after the General Assembly adjourns – which, in the circumstances of this case, was August 28, 2016 – the effective date of § 558.047 was August 28 and not July 13, 2016.  That argument ignores the emergency clause of SB590, which made the provisions of § 558.047 effective immediately upon the governor's signature.  *See* 2016 Mo. Legis. Serv., S.B. No. 590, § C (VERNON'S) (West's No. 92).  Section 558.047 therefore became effective on July 13, 2016.  *See Jones v. Missouri Dep't of Corr.*, 558 S.W.3d 203, 205 (Mo. Ct. App. 2019); *Hicklin v. Blair*, No. 4:21-cv-00343-RK, 2022 WL 750490, at *2 (W.D. Mo. Mar. 11, 2022).

I agree with respondents that the factual and legal bases for Steward's facial challenges to § 558.047 existed on July 13, 2016, and became ripe on July 19, 2016, when the Missouri Supreme Court denied Steward's then-pending State

habeas petition.  Accordingly, under 28 U.S.C. § 2244(d)(1), Steward had one year

from July 19, 2016, within which to bring those claims in a § 2254 habeas action.

While the time during which a properly filed application for State post-conviction

relief or other collateral review is pending is not counted toward the limitation

period, 28 U.S.C. § 2244(d)(2), tolling is not permitted on the basis of a pending

Federal habeas petition, *Duncan v. Walker*, 533 U.S. 167, 181 (2001), including a

petition ultimately dismissed without prejudice because of unexhausted claims,

*Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003).  Accordingly, the

pendency of Steward's earlier § 2254 case, Case No. 4:16CV407, did not toll the

one-year limitation period to bring this action.

On July 18, 2017 – 364 days after July 19, 2016 – Steward first sought State

collateral review on his claims by filing a Rule 91 habeas petition in the Circuit

Court of Mississippi County.  Because that collateral proceeding was filed before

the one-year limitation period expired, the period was tolled during the pendency

of that proceeding, that is, from July 18, 2017, through January 22, 2019, when the

circuit court denied the petition.  *See Polson v. Bowersox*, 595 F.3d 873, 875-76

(8th Cir. 2010) (State habeas proceeding must be filed before AEDPA's one-year

limit for filing Federal habeas action expires).  Thirty days later, on February 21,

2019, Steward filed a Rule 91 petition in the Missouri Court of Appeals.

Immediately upon the court of appeals' denial of that petition on February 25,

2019, Steward filed a Rule 91 petition in the Missouri Supreme Court.  That petition was denied on April 30, 2019.  Two days later, on May 2, 2019, Steward filed the instant Federal habeas petition.

There is no right of appeal from the denial of a Rule 91 petition for writ of habeas corpus.  *Jones v. State*, 471 S.W.2d 166, 168 (Mo. banc 1971); *State v. Dodson*, 556 S.W.2d 938, 945 (Mo. Ct. App. 1977).  *See also Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982).  Steward's February 21, 2019, filing of a Rule 91 petition in the Missouri Court of Appeals was therefore an independent action and not a continuation of the circuit court action by appeal.  *Cf. Carey v. Saffold*, 536 U.S. 214, 217 (2002) (a case is considered pending between a lower State court's decision and the filing of a notice appealing the decision to a higher court).  Accordingly, the 30-day period between the circuit court's dismissal of Steward's petition on January 22 and his filing of a new Rule 91 petition in the court of appeals on February 21, 2019, is not tolled.

And for purposes of exhaustion by way of a Rule 91 petition, Steward was required to seek relief from either the Missouri Court of Appeals or the Missouri Supreme Court, not both.  *Romano*, 681 F.2d at 557.  Accordingly, after the Missouri Court of Appeals denied his petition on February 25, 2019, Steward's claims were fully exhausted.  His filing of an additional petition with the Missouri Supreme Court was superfluous.  Giving Steward the benefit of the doubt,

- 12 -

however, and out of an abundance of caution, I will consider the pendency of his Rule 91 petition before the supreme court to toll § 2244(d)(1)'s one-year period of limitation.  The two days between the supreme court's dismissal of the petition and the filing of the instant § 2254 habeas case do not toll the limits.

Totaling 1) the 364-day period before Steward sought State collateral review, 2) the 30-day period between the circuit court's dismissal of Steward's State habeas petition and the filing of a petition in the court of appeals, and 3) the two-day period between the supreme court's dismissal of his State habeas petition and the filing of this § 2254 action, the sum of 396 days elapsed before Steward filed his application for Federal habeas relief on his exhausted claims challenging the facial validity of § 558.047 – claims for which the factual and legal bases existed on July 19, 2016.  Accordingly, the claims raised in Grounds 1, 2(I)-(IV), and 3 of the instant petition are untimely filed under § 2244(d)(1), (2).

Steward requests that I extend the limitation period under the doctrine of equitable tolling given the extraordinary circumstances of this case.  I will deny his request.

"Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief."  *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (internal quotation marks and citation omitted).  Steward is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights

- 13 -

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). *See also Burks v. Kelley*, 881 F.3d 663, 666-67 (8th Cir. 2018). "An extraordinary circumstance must be beyond a prisoner's control and rise above a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (internal quotation marks and citations omitted). Steward must satisfy both prongs to be entitled to equitable tolling. *Id.*; *Gordon*, 823 F.3d at 1195.[4] "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Cross-Bey*, 322 F.3d at 1015 (8th Cir. 2003) (internal quotation marks and citation omitted).

Steward first contends that, given the language of § 558.047 and the Missouri Constitution, it was reasonable for him to believe that the statute's effective date was August 28, 2016, and thus that the limitation period did not begin to run until that time. Confusion about the applicable statute of limitations, when it begins, and when it is tolled does not warrant equitable tolling. *Kreutzer*, 231 F.3d at 463 (citing cases). This is especially true here, where Steward has been represented by counsel throughout the entirety of his habeas proceedings in

---

[4] Equitable tolling is also proper when the respondents' conduct has "lulled the petitioner into inaction." *Cross-Bey*, 322 F.3d at 1015. Steward makes no such claim here.

both State and Federal court.  *Id.* (equitable tolling even less appropriate in habeas case where petitioner represented by counsel).

Steward next argues that the circumstances of this case are extraordinary in that they have not followed the "traditional" route of conviction, appeal, and post-conviction proceedings but instead have traveled an atypical path that caused this case to languish, *i.e.*, the Missouri Supreme Court's lengthy delay in addressing his early-filed *Miller* claims, that court's granting of relief in March 2016 then vacating the order in July 2016, the ambiguous nature of § 558.047's timeline, his filing of a Federal habeas petition in 2016 "out of an abundance of caution," and his filing of serial habeas petitions in State court to exhaust his claims.  Steward also contends that pursuing his claims in both State and Federal court against this "torturous" backdrop shows his diligence in pursing his rights.  I disagree.

I cannot say that Steward acted diligently in pursuing his right to Federal habeas relief.  In Steward's first § 2254 case, respondents put Steward on notice in November 2016 that all of his claims were unexhausted, that the one-year period of limitation on those claims had not yet run, and that the limitation period began July 19, 2016.  (Case No. 4:16CV407, ECF 21.)  Steward thereafter waited eight months to pursue an available State court remedy, and indeed filed his Rule 91 habeas petition literally on the eve of the one-year limitation period's expiring. And he waited an additional 30 days to pursue an available State court remedy

after that Rule 91 petition was denied.  "Where a petitioner has not made good use of the time available to him within the limitations period, he has not demonstrated the diligence required to justify equitable tolling." *Coulter v. Kelley*, 871 F.3d 612, 623 (8th Cir.), *vacated on other grounds by* 876 F.3d 1112 (8th Cir. 2017).  *See also Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016); *Gordon*, 823 F.3d at 1195-96 (8th Cir. 2016); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010).

Nor has Steward demonstrated that circumstances beyond his control caused him to file the instant petition out of time.  While monitoring and managing the timeline involved in the underlying proceedings may not have been as straightforward as in "traditional" cases, "the availability of equitable tolling does not turn on the ease or difficulty of a discernable time computation." *Coulter*, 871 F.3d at 624.  *See also Kreutzer*, 231 F.3d at 463.  Any claimed confusion or difficulty was neither external to Steward nor prevented him from complying with the one-year limitation period set out in § 2244(d).  Whether Steward failed to either recognize the importance of the one-year period or understand that the pendency of a Federal habeas petition does not toll the limitation period, a lack of understanding of the law does not amount to extraordinary circumstances beyond his control.  *Cross-Bey*, 322 F.3d at 1016.  This is especially true when he has been assisted by counsel throughout the entirety of all relevant proceedings.  *Kreutzer*, 231 F.3d at 463.

Accordingly, because the claims raised in Grounds 1, 2(I)-(IV), and 3 are untimely filed under 28 U.S.C. § 2244(d)(1) and Steward has failed to establish that equitable tolling is warranted in the circumstances, I will dismiss those claims.[5]

## Ground 2(V)

In Ground 2(V), Steward claims that the parole board's interpretation of § 588.047 to require that he serve 25 years on each life sentence consecutively before being considered for parole violates his Eighth and Fourteenth Amendment rights and the Missouri Constitution's Separation of Powers Clause.  Because the parole board did not make this determination in Steward's case until December 20, 2016, the one-year period of limitations to bring the claim in a Federal habeas petition began then.  When I toll the time during which Steward's Rule 91 petitions were pending in State court, less than one year elapsed from December 20, 2016, to the filing of this petition on May 2, 2019.  Ground 2(V) is timely filed and may be considered.

To the extent Steward contends that the parole board's determination violates the Missouri Constitution, the claim is not cognizable in a Federal habeas

---

[5] Steward belatedly contends in his reply brief that his Ground 2(IV) equal protection claim is based on the Missouri Supreme Court's July 2017 decision in *State ex rel. Carr v. Wallace*, 527 S.W. 55 (Mo. banc 2017), and thus that the claim is timely filed.  Contrary to Steward's assertion, his equal protection claim raised in Ground 2(IV) of his petition is not based on *Carr* nor cites *Carr* in support.  (*See* ECF 1 at pp. 13-14.)  Accordingly, the claim as raised in his original petition is untimely.  I address the *Carr* aspect of Steward's new equal protection argument later in this memorandum.

proceeding.  28 U.S.C. § 2254(a); *Taylor v. Wallace*, No. 4:13CV2197 SNLJ

(ACL), 2017 WL 650599, at *8 (E.D. Mo. Jan. 11, 2017) (claim that parole statute

violated Missouri Constitution is a State-law issue not cognizable in Federal

habeas case).  I will therefore dismiss that claim.

Steward also claims that the parole board's determination violated his Eighth

and Fourteenth Amendment rights.  Steward raised this claim in his Rule 91

petition filed in the Circuit Court of Mississippi County.  In denying the petition,

that court stated:

> The Court having considered the pleadings including the Petition,
> Answer and Response to Show Cause and Movant's Reply to State's
> Response to Show Cause Order and having reviewed the cases cited
> including MILLER, MONTGOMERY, CARR, and WILLBANKS
> determines that the Movant is not entitled to Habeas Corpus releif
> [sic] and the Petitione [sic] IS DENIED.

(ECF 1-5.)  The Missouri Court of Appeals denied Steward's Rule 91 petition

without explanation.  (ECF 1-4.)  The Missouri Supreme Court likewise denied

Steward's Rule 91 petition without explanation.  (ECF 1-3.)

As set out above, the AEDPA requires that a Federal habeas petitioner who

raises a claim that was "adjudicated on the merits in State court" must show that

the relevant State-court decision (1) "was contrary to, or involved an unreasonable

application of, clearly established Federal law," or (2) "was based on an

unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."  28 U.S.C. § 2254(d).  A State court is not required to give

reasons for its decision in order for a properly raised claim to have been "adjudicated on the merits." *Richter*, 562 U.S. at 100. Where, as here, the State-court decision on the merits does not come accompanied with reasons, and there is no lower court opinion to look to, *cf. Wilson v. Sellers*, 138 S. Ct. 1188, 1195-96 (2018), the habeas petitioner must show that there was no reasonable basis for the State court to deny relief. *Richter*, 562 U.S. at 98. If "'fairminded jurists could disagree' on the correctness of the state court's decision," Federal habeas relief is precluded. *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Under *Richter,* in the absence of a fully reasoned State-court opinion, I must determine what arguments or theories could have supported the State courts' decisions on Steward's claim. 562 U.S. at 102. If fairminded jurists can agree that those theories are contrary to, or are an unreasonable application of, clearly establish Federal law, habeas relief on the claim is warranted. *Id.* "It is not an unreasonable application of clearly established Federal law[, however,] for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]." *Id.* at 101 (internal quotation marks and citation omitted). But that is what Steward asks me to do here.

Steward asserts that the parole board cannot stack the 25-year wait periods for parole consideration on his consecutive life sentences without violating *Miller* and *Montgomery*'s prohibition of sentencing juvenile offenders to life in prison

without parole, because subjecting him to remain in prison for 50 years without

parole consideration is a *de facto* life sentence without parole.  Neither *Miller* nor

*Montgomery*, however, dealt with minimum parole eligibility terms for consecutive

sentences.  And to the extent Steward also invokes *Graham v. Florida* for the

proposition that a juvenile offender should be given a meaningful opportunity for

release, 560 U.S. 48, 79 (2010), the Supreme Court in *Graham* was concerned with

juvenile offenders who were sentenced to life without parole for a single, non-

homicidal offense.  To accept Steward's argument that requiring him or other

juvenile murderers to serve consecutive terms of parole ineligibility before being

considered for parole offends the Constitution would require me to expand United

States Supreme Court precedent to circumstances that the Court has never

considered or addressed.  This I cannot do.  *Brown v. Davenport*, 142 S. Ct. 1510,

1530 (2022).  And Steward's reliance on State court decisions to argue otherwise is

misplaced.  When reviewing a habeas claim under the AEDPA, I look only to

whether the State court's adjudication on the respective claim is contrary to or

unreasonably applies the preexisting and clearly established rules of the *United*

*States Supreme Court*, not another court's interpretation.  *Id.*; *see also White v.*

*Woodall*, 572 U.S. 415, 419 (2014) ("clearly established Federal law" includes

only the holdings of United States Supreme Court decisions).

When the State courts rendered their decisions on Steward's Rule 91 habeas

petitions in 2019, there was no clearly established Federal law, as determined by the United States Supreme Court, that a juvenile offender who was convicted of multiple murders and sentenced to consecutive terms of life imprisonment has a constitutional right to not serve consecutive periods of parole ineligibility on such sentences before being considered for parole.  As a Federal habeas court, therefore, I cannot find that the State courts' adjudications denying relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *White*, 572 U.S. at 419.  Steward makes no argument that the State courts' decisions were based on unreasonable determinations of the facts in light of the evidence presented.

Accordingly, the State courts' decisions to deny Steward relief on his claim that his Eighth and Fourteenth Amendment rights were violated by the parole board's determination to require him to serve 25 years on each life sentence consecutively before being considered for parole were neither contrary to nor unreasonable applications of clearly established Federal law.  Nor has Steward shown that such decisions were based on unreasonable determinations of the facts. Accordingly, I will deny this claim raised in Ground 2(V) of Steward's petition.

### Ground 2(IV)

In his reply brief, Steward raises a new argument that his Fourteenth

- 21 -

Amendment equal protection claim raised in Ground 2(IV) is based on the

Missouri Supreme Court's decision in *State ex rel. Carr v. Wallace*, 527 S.W.3d 55

(Mo. banc 2017).  Steward contends that because the court rendered that decision

in July 2017, the claim raised in this § 2254 petition is timely under § 2244(d)(1)

and should be reviewed by the Court.  Because the equal protection claim Steward

raises in his petition is not based on *Carr*, I continue to find the claim untimely.

Regardless, for the following reasons, the *Carr* aspect of the claim is without merit

and will be denied.

In 1983, Jason Carr was sentenced to life in prison without the possibility of

parole for 50 years after being convicted of three counts of capital murder for

killings he committed when he was 16 years old.  527 S.W.3d at 56, 58.  After the

Supreme Court's *Miller* decision, Carr filed a Rule 91 State habeas petition in the

Missouri Supreme Court arguing that his sentences violated the Eighth

Amendment because they were imposed without consideration of the *Miller* factors

regarding juvenile offenders.  Citing *Miller*, the Missouri Supreme Court found

that Carr's sentences violated the Eighth Amendment.  *Id.* at 61-62.  The Court

held that "Mr. Carr must be resentenced so his youth and other attendant

circumstances surrounding his offense can be taken into consideration to ensure he

will not be forced to serve a disproportionate sentence in violation of the Eighth

Amendment."  *Id.* at 56.

Steward contends that he is similarly situated to the petitioner in *Carr* and should be resentenced under *Miller* as the Missouri Supreme Court directed in Carr's circumstances.  Steward contends his Fourteenth Amendment right to equal protection is violated by being denied the relief that Carr obtained,

The Equal Protection Clause "directs that all persons similarly circumstanced shall be treated alike.  But so too, the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."  *Plyer v. Doe*, 457 U.S. 202, 216 (1982) (internal quotation marks and citations omitted).  Steward is not entitled to relief under the Equal Protection Clause because he and Carr are not similarly situated.  Steward was sentenced to life without the possibility of parole.  Carr was sentenced to life but was eligible for parole after 50 years.  This difference is critical because § 558.047 applies to juvenile offenders who were sentenced before August 28, 2016, "to a term of imprisonment for life *without eligibility for parole*[.]"  Mo. Rev. Stat. § 558.047.1(1) (emphasis added).  Because Carr had a sentence with parole eligibility, § 558.047 did not apply to him.

In *Saddler v. Pash*, No. 4:16-CV-00363-AGF, 2018 WL 999979 (E.D. Mo. Feb. 21, 2018), this Court held that parole eligibility under § 558.047 remedied *Miller* violations for those juveniles sentenced to life imprisonment without possibility of parole and, further, that § 558.047 "takes into account many of the

- 23 -

youth-related concerns identified in *Miller,* such as the offender's age and maturity, family environment, circumstances of the offense, and prospects for rehabilitation." *Id*. at *3; *see also* Mo. Rev. Stat. § 558.047.5.  Unlike Steward here, Carr did not have the benefit of § 558.047 or its youth-related considerations because his parole-eligible sentence was outside its reach.  Accordingly, there was no remedy for Carr's unconstitutional sentence other than resentencing.  Given that § 558.047 gives Steward a remedy and takes the youth-related *Miller* factors into consideration, Steward is not similarly circumstanced to Carr and his equal protection claim based on *Carr* fails.

To the extent Steward again argues that the stacking of his 25-year wait periods for parole eligibility renders his sentence similarly unconstitutional because, as in *Carr*, he must wait 50 years before being considered for parole, this claim fails for the reasons set out above on Ground 2(V).

### Certificate of Appealability

Steward has failed to make a substantial showing that he was denied a Federal constitutional right.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (for substantial showing, issues must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).  I will therefore not issue a Certificate of Appealability on any of his claims.

- 24 -

Accordingly,

**IT IS HEREBY ORDERED** that Bill Stange is substituted for Jason Lewis as proper party respondent.

**IT IS FURTHER ORDERED** that Missouri Attorney General Eric Schmitt is added as a proper party respondent.

**IT IS FURTHER ORDERED** that Donald Steward's petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner Steward has not made a substantial showing of a denial of a constitutional right.

An appropriate Judgment is entered herewith.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 6th day of September, 2022.